UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

CHERYL DASEN

     Plaintiff,

vs.

CARNIVAL CORPORATION,

     Defendant.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, CHERYL DASEN, by and through her undersigned counsel and sues the Defendant, CARNIVAL CORPORATION, hereinafter referred to as CARNIVAL, and alleges as follows:

1     This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of attorney's fees and costs.

2     That at all times material, the Plaintiff, CHERYL DASEN, was a resident of St. Petersburg, Florida.

3     That at all times material, the Defendant, CARNIVAl, had a principal place of business and was doing business in Miami-Dade County, Florida as a cruise line operator.

4     That at all times material, the Defendant, CARNIVAL, was the owner and/or operator of the cruise ship, *BREEZE.*

5     That this court has diversity jurisdiction pursuant to 28 USC §1332.

6     That in the alternative, this action arises out of the General Maritime Law jurisdiction of the court as contained in 28 USC §1333.

7.      That on or about September 14th, 2019, the Plaintiff, CHERYL DASEN, boarded the *BREEZE* at Port Canaveral for a one-week round trip cruise to Bermuda.

8.      That on or about September 20th, 2019, the Breeze was at sea. The sea conditions were extremely rough due to the proximity of Hurricane/Tropical Storm Humberto.

9.      That at approximately 2:30 P.M. on said date, the Plaintiff, CHERYL DASEN, was using the public restroom on Deck 5 near the Ovation Theater. As she was entering the bathroom stall, the movement of the ship caused her to lose her balance. She held onto the frame of the stall for stability and the stall door closed rapidly and forcefully, striking her hand.

9.      That at all times material hereto, the Defendant owed a duty to use reasonable care under the circumstances for the Plaintiff's safety.

10.     That the Defendant breached its duty of reasonable care and was negligent in one or more of the following ways:

(a)      the Defendant negligently failed to warn its passengers about the risks of moving about the ship when the seas were as rough as they were at the time of the incident, about which the Defendant had superior knowledge to the Plaintiff;

(b)      the Defendant negligently failed to warn its passengers about the precautions to be taken when walking around the ship in high seas, about which the Defendant had superior knowledge to the Plaintiff;

(c)       the Defendant negligently failed to equip the bathroom stall door with a closing mechanism and other parts in a way that would have prevented it from closing rapidly and forcefully, especially in rough seas;

(d)      the Defendant negligently maintained the bathroom stall door and its component parts in such a way that the closing mechanism, if present, did not function as it was intended to function;

(e)      the Defendant negligently failed to properly monitor and inspect the bathroom stall door and its component parts on a regular basis to determine if it was in good condition and operating properly and safely.

11.      That as a direct and proximate result of the negligence of the Defendant herein, the Plaintiff suffered injuries to her left hand, which led to Reflex Sympathetic Dystrophy Syndrome (RSD)/ Complex Regional Pain Syndrome (CRPS) and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of capacity to earn money, and aggravation of a known or unknown previously existing condition.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant together with costs of this action, prejudgment interest, and any other relief deemed just and appropriate by this Honorable Court. Furthermore, Plaintiff demands trial by jury of all matters so triable as a matter of right.

Dated:  July 27, 2021

Respectfully submitted,

WAKS & BARNETT, P.A.
Attorneys for Plaintiff
8531 SW 139th Terrace
Palmetto Bay, FL  33158
Tel: (305) 271-8282
Fax: (786)732-3219

By:  */s/ Joel M. Barnett__*
    JOEL M. BARNETT
     FBN: 248428
   E-mail: waksbar@aol.com
       Mary@waksbar.com

4